L.B.F. 3015.1

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | Chapter | 13 |
| | Case No. | 16-10709 ELF |
| Debtor(s) | | |

# Chapter 13 Plan

☐ **Original**
☒ **X – Supplemental 11th Amended Plan)**

**Date:** **June 7, 2023**

**THE DEBTOR HAS FILED FOR RELIEF UNDER**
**CHAPTER 13 OF THE BANKRUPTCY CODE**

**YOUR RIGHTS WILL BE AFFECTED**

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. **ANYONE WHO WISHES TO OPPOSE ANY PROVISION OF THIS PLAN MUST FILE A WRITTEN OBJECTION** in accordance with Bankruptcy Rule 3015 and Local Rule 3015-4. **This Plan may be confirmed and become binding, unless a written objection is filed.**

**IN ORDER TO RECEIVE A DISTRIBUTION UNDER THE PLAN, YOU**
**MUST FILE A PROOF OF CLAIM BY THE DEADLINE STATED IN THE**
**NOTICE OF MEETING OF CREDITORS.**

| Part 1: Bankruptcy Rule 3015.1(c) Disclosures |
|---|
| ☒ X - Plan contains non-standard or additional provisions – see Part 9<br>☒ X - Plan limits the amount of secured claim(s) based on value of collateral – see Part 4<br>☒ X - Plan avoids a security interest or lien – see Part 4 and/or Part 9 |
| **Part 2: Plan Payment, Length and Distribution –** *PARTS 2(c) & 2(e) MUST BE COMPLETED IN EVERY CASE* |
| **§ 2(a) Plan payments (For Initial and Amended Plans):**<br><br>**Total Length of Plan: 84 months.**<br><br>**Total Base Amount** to be paid to the Chapter 13 Trustee ("Trustee**") $34,354.00**<br>Debtor shall pay the Trustee $_____ per month for _____ months and then<br>Debtor shall pay the Trustee $_____ per month for the remaining _____ months;<br><div align="center">**or**</div>Debtor shall have already paid the Trustee **$34,100.00** through month number **83** and then shall pay the Trustee **$254.00** per month for the remaining **1** month for a total of **$34,354.00**<br><br>Other changes in the scheduled plan payment are set forth in § 2(d) |

**§ 2(b) Debtor shall make plan payments to the Trustee from the following sources in addition to future wages (Describe source, amount and date when funds are available, if known):**

**N/A**

**§ 2(c) Alternative treatment of secured claims**:
- ☐ **X - None.** If "None" is checked, the rest of § 2(c) need not be completed.

- ☐ **Sale of real property**
  *See § 7(c) below for detailed description*

- ☐ **Loan modification with respect to mortgage encumbering property**:
  *See § 4(f) below for detailed description*

**§ 2(d) Other information that may be important relating to the payment and length of Plan:**

**§ 2(e) Estimated Distribution**:
- A. Total Priority Claims (Part 3)
    1. Unpaid attorney's fees ........................... $0.00
    2. Unpaid attorney's costs .......................... $0.00
    3. Other priority claims (e.g., priority taxes) ..... $0.00
- B. Total distribution to cure defaults (§ 4(b))       $26,887.49
- C. Total distribution on secured claims (§§ 4(c) &(d))   $4,686.56
- D. Total distribution on general unsecured claims (Part 5)  $ nominal/pro rata
  - Subtotal                                             $31,574.05
- E. Estimated Trustee's Commission (8%)                 $2,525.92
- F. Base Amount                                         $34,100.00

**§2 (f) Allowance of Compensation Pursuant to L.B.R. 2016-3(a)(2)- N/A**

☐ **By checking this box, Debtor's counsel certifies that the information contained in Counsel's Disclosure of Compensation [Form B2030] is accurate, qualifies counsel to receive compensation pursuant to L.B.R. 2016-3(a)(2), and requests this Court approve counsel's compensation in the total amount of $ N/A         , with the Trustee distributing to counsel the amount stated in §2(e)A.1. of the Plan. Confirmation of the plan shall constitute allowance of the requested compensation.**

2

**Part 3: Priority Claims**

§ 3(a) Except as provided in § 3(b) below, all allowed priority claims will be paid in full unless the creditor agrees otherwise.

| Creditor | Claim Number | Type of Priority | Amount to be Paid by Trustee |
|---|---|---|---|
| N/A | | | |

§ 3(b) Domestic Support obligations assigned or owed to a governmental unit and paid less than full amount.
☐ **None.** If "None" is checked, the rest of § 3(b) need not be completed.

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 2(a) be for a term of 60 months; see 11 U.S.C. § 1322(a)(4).*

| Name of Creditor | Claim Number | Amount to be Paid by Trustee |
|---|---|---|
| N/A | | |
| | | |

**Part 4: Secured Claims**

### § 4(a) Secured Claims Receiving No Distribution from the Trustee:

☐ **None.** If "None" is checked, the rest of § 4(a) need not be completed.

| Creditor | Claim Number | Secured Property |
|---|---|---|
| **X** - If checked, the creditor(s) listed below will receive no distribution from the trustee and the parties' rights will be governed by agreement of the parties and applicable nonbankruptcy law. | | |
| City of Philadelphia/Water Revenue Bureau (WRB) (Water Repair/ Municipal Claim); Claim #10 | P.O.C. #10-1 | 1627 W. Nedro Avenue, Philadelphia, PA 19141; debtor's residence |

### § 4(b) Curing default and maintaining payments

**None.** If "None" is checked, the rest of § 4(b) need not be completed.

☐    The Trustee shall distribute an amount sufficient to pay allowed claims for prepetition arrearages; and, Debtor shall pay directly to creditor monthly obligations falling due after the bankruptcy filing in accordance with the parties' contract.

| Creditor | Claim Number | Description of Secured Property and Address, if real property | Amount to be Paid by Trustee |
|---|---|---|---|
| WSFS.FSB c/o Statebridge Company (Pre-Petition Mortgage arrears); Claim #9 | P.O.C #9-1 | City of Philadelphia/Water Revenue Bureau (WRB) (Water Repair/ Municipal Claim); Claim #10 (claim is subject to § 7, below). | $18,629.09; any remaining balance due on this arrears claim will be paid outside of the Plan pursuant to the terms of the Stipulation attached hereto. |
| WSFS.FSB c/o Statebridge Company (Post-Petition Mortgage arrears); Claim #15 | P.O.C. #15-1 | 1627 W. Nedro Avenue, Philadelphia, PA 19141 (claim is subject to § 7, below). | $7,692.40; any remaining balance due on this arrears claim will be paid outside of the Plan pursuant to the terms of the Stipulation attached hereto. |
| City of Philadelphia/Water Revenue Bureau (Water/sewer arrears); Claim #11 | P.O.C. #11-1 | 1627 W. Nedro Avenue, Philadelphia, PA 19141 | $266.00 |
| Pennsylvania Housing Finance Agency (PHFA); Claim #14 | P.O.C. #14-1 | 1627 W. Nedro Avenue, Philadelphia, PA 19141 | $300.00; by agreement. |
| | | **TOTAL:** | **$26,887.49** |

**§ 4(c) Allowed secured claims to be paid in full: based on proof of claim or pre-confirmation determination of the amount, extent or validity of the claim**

☐ **None.** If "None" is checked, the rest of § 4(c) need not be completed.

(1) Allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

(2) If necessary, a motion, objection and/or adversary proceeding, as appropriate, will be filed to determine the amount, extent or validity of the allowed secured claim and the court will make its determination prior to the confirmation hearing.

(3) Any amounts determined to be allowed unsecured claims will be treated either**:** (A) as a general unsecured claim under Part 5 of the Plan or (B) as a priority claim under Part 3, as determined by the court.

(4) In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. § 1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below. *If the claimant included a different interest rate or amount for "present value" interest in its proof of claim or otherwise disputes the amount provided for "present value" interest, the claimant must file an objection to confirmation.*

(5) Upon completion of the Plan, payments made under this section satisfy the allowed secured claim and release the corresponding lien.

| Name of Creditor | Claim Number | Description of Secured Property | Allowed Secured Claim | Present Value Interest Rate | Dollar Amount of Present Value | Dollar amount to be paid by Trustee |
|---|---|---|---|---|---|---|
| Crescent Bank and Trust; Claim #1 | P.O.C. #1-1 | 2008 Hyundai Santa Fe | $4,189.74 | 4.5% | $496.81 | **$4,686.56** per terms of the Stipulation of the Debtor and Crescent Bank filed on August 5, 2016 (Docket # 44). |
|  |  |  |  |  |  |  |
|  |  |  |  |  | **TOTAL:** | **$4,686.53** |

☐

**§ 4(d) Allowed secured claims to be paid in full that are excluded from 11 U.S.C. § 506**
**X - None.** If "None" is checked, the rest of § 4(d) need not be completed.

The claims below were either (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

(1) The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

(2) In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. § 1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below. If the claimant included a different interest rate or amount for "present value" interest in its proof of claim, the court will determine the present value interest rate and amount at the confirmation hearing.

| Name of Creditor | Claim Number | Description of Secured Property | Allowed Secured Claim | Present Value Interest Rate | Dollar Amount of Present Value Interest | Amount to be Paid by Trustee |
|---|---|---|---|---|---|---|
| **N/A** |  |  |  |  |  |  |

### § 4(e) Surrender

**None.** If "None" is checked, the rest of § 4(e) need not be completed.

(1) Debtor elects to surrender the secured property listed below that secures the creditor's claim.
(2) The automatic stay under 11 U.S.C. § 362(a) and 1301(a) with respect to the secured property terminates upon confirmation of the Plan.
(3) The Trustee shall make no payments to the creditors listed below on their secured claims.

| Creditor | Claim Number | Secured Property |
|---|---|---|
| *Pennsylvania State Employees Credit Union (PSECU).* | P.O.C. # 4-1 | Secured Credit Card; $500 on hold in debtor's S1 Account with PSECU. |
| Legacy Funding Corp. Claim #5 | P.O.C. # 5-1 | 2001 Ford Explorer Automobile (repossessed) |

### § 4(f) Loan Modification

**X - None.** If "None" is checked, the rest of § 4(f) need not be completed.

(1) Debtor shall pursue a loan modification directly with _____ or its successor in interest or its current servicer ("Mortgage Lender"), in an effort to bring the loan current and resolve the secured arrearage claim.

(2) During the modification application process, Debtor shall make adequate protection payments directly to Mortgage Lender in the amount of $_____ per month, which represents _____ (*describe basis of adequate protection payment*). Debtor shall remit the adequate protection payments directly to the Mortgage Lender.

(3) If the modification is not approved by _____ (date), Debtor shall either (A) file an amended Plan to otherwise provide for the allowed claim of the Mortgage Lender; or (B) Mortgage Lender may seek relief from the automatic stay with regard to the collateral and Debtor will not oppose it.

## Part 5: General Unsecured Claims

### § 5(a) Separately classified allowed unsecured non-priority claims

**None.** If "None" is checked, the rest of § 5(a) need not be completed.

| Creditor | Claim # | Basis for Separate Classification | Treatment | Amount to be paid |
|---|---|---|---|---|
| City of Philadelphia/School District (L&I Judgments; Claim #12 | P.O.C. #12-1 | Lien avoidance; Judgement liens on Debtor's residence at 1627 W. Nedro Avenue, Philadelphia, PA 19141 | By Order entered on 5/10/17 (Docket #129) the City's judgment liens have been avoided pursuant to § 522(f); any remaining claim by the City will be treated as a general unsecured claim only and will be discharged upon entry of the discharge order. | Paid pro rata; to the extent the creditor's liens are avoided, any remaining claim will be treated as a general, unsecured claim only. |

6

| Navient Solutions, Inc. on behalf of Department of Education Loan Service; Claim #6 | P.O.C. #6-1 | Student loan debt | Non-dischagable. | Paid pro rata; non-dischargeable. |
|---|---|---|---|---|
| Internal Revenue Service (IRS) claim for 2012 federal income taxes; Claim #13 | P.O.C. #13 | IRS claim for past due 2012 federal income taxes | By agreement of the parties filed on 5/15/17 (docket #134), the claim of the IRS will not be discharged upon completion of the Bankruptcy. The IRS claim will not be treated as a priority claim under this Plan. | The Trustee will make no payment to the creditor under this Plan; the claim is non-dischargeable by agreement. |

**§ 5(b) Timely filed unsecured non-priority claims –**
    *(1)* Liquidation Test *(check one box)*
        **X -** All Debtor(s) property is claimed as exempt.
        Debtor(s) has non-exempt property valued at $_____ for purposes of § 1325(a)(4) and plan provides for distribution of  $_____ to allowed priority and unsecured general creditors.

    *(2)* Funding: § 5(b) claims to be paid as follows *(check one box)*:
    **X- Pro rata**
    100%
    Other (Describe)

| Part 6: Executory Contracts & Unexpired Leases | | | |
|---|---|---|---|
| ☐ **X - None.** If "None" is checked, the rest of § 6 need not be completed. | | | |
| **Creditor** | **Claim Number** | **Nature of Contract or Lease** | **Treatment by Debtor Pursuant to §365(b)** |
| N/A. | | | |

| Part 7: Other Provisions |
|---|

### § 7(a) General principles applicable to the Plan
*(1)* Vesting of Property of the Estate *(check one box)*
    ☐ Upon confirmation
    ☐ **X - Upon discharge**

(2) Subject to Bankruptcy Rule 3012 and 11 U.S.C. §1322(a)(4), the amount of a creditor's claim listed in its proof of claim controls over any contrary amounts listed in Parts 3, 4 or 5 of the Plan.

(3) Post-petition contractual payments under § 1322(b)(5) and adequate protection payments under § 1326(a)(1)(B),(C) shall be disbursed to the creditors by the debtor directly. All other disbursements to creditors shall be made by the Trustee.

(4) If Debtor is successful in obtaining a recovery in a personal injury or other litigation in which Debtor is the plaintiff, before the completion of plan payments, any such recovery in excess of any applicable exemption will be paid to the Trustee as a special Plan payment to the extent necessary to pay priority and general unsecured creditors, or as agreed by the Debtor and the Trustee and approved by the court.

### § 7(b) Affirmative duties on holders of claims secured by a security interest in debtor's principal residence

(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage.

(2) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note.

(3) Treat the pre-petition arrearage as contractually current upon confirmation for the Plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based on the pre-petition default or default(s). Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

(4) If a secured creditor with a security interest in the Debtor's property sent regular statements to the Debtor pre-petition, and the Debtor provides for payments of that claim directly to the creditor in the Plan, the holder of the claims shall resume sending customary monthly statements.

(5) If a secured creditor with a security interest in the Debtor's property provided the Debtor with coupon books for payments prior to the filing of the petition, upon request, the creditor shall forward post-petition coupon book(s) to the Debtor after this case has been filed.

(6) Debtor waives any violation of stay claim arising from the sending of statements and coupon books as set forth above.

**§ 7(c) Sale of Real Property**
☐ **X - None**. If "None" is checked, the rest of § 7(c) need not be completed.

(1) Closing for the sale of _____ (the "Real Property") shall be completed within ____ months of the commencement of this bankruptcy case (the "Sale Deadline"). Unless otherwise agreed by the parties or provided by the Court, each allowed claim secured by the Real Property will be paid in full under §4(b)(1) of the Plan at the closing ("Closing Date").

(2) The Real Property will be marketed for sale in the following manner and on the following terms:

(3) Confirmation of this Plan shall constitute an order authorizing the Debtor to pay at settlement all customary closing expenses and all liens and encumbrances, including all § 4(b) claims, as may be necessary to convey good and marketable title to the purchaser. However, nothing in this Plan shall preclude the Debtor from seeking court approval of the sale pursuant to 11 U.S.C. §363, either prior to or after confirmation of the Plan, if, in the Debtor's judgment, such approval is necessary or in order to convey insurable title or is otherwise reasonably necessary under the circumstances to implement this Plan.

(4) At the Closing, it is estimated that the amount of no less than $_____ shall be made payable to the Trustee.

(5) Debtor shall provide the Trustee with a copy of the closing settlement sheet within 24 hours of the Closing Date.

(6) In the event that a sale of the Real Property has not been consummated by the expiration of the Sale Deadline: ___.

### Part 8: Order of Distribution

**The order of distribution of Plan payments will be as follows:**

**Level 1:** Trustee Commissions*
**Level 2:** Domestic Support Obligations
**Level 3:** Adequate Protection Payments
**Level 4:** Debtor's attorney's fees
**Level 5:** Priority claims, pro rata
**Level 6:** Secured claims, pro rata
**Level 7:** Specially classified unsecured claims
**Level 8:** General unsecured claims
**Level 9:** Untimely filed general unsecured non-priority claims to which debtor has not objected

*****Percentage fees payable to the standing trustee will be paid at the rate fixed by the United States Trustee not to exceed ten (10) percent.*

### Part 9: Non Standard or Additional Plan Provisions

Under Bankruptcy Rule 3015.1(e), Plan provisions set forth below in Part 9 are effective only if the applicable box in Part 1 of this Plan is checked. Nonstandard or additional plan provisions placed elsewhere in the Plan are void.

**None.** If "None" is checked, the rest of Part 9 need not be completed.

**§ 9(a) ADDITIONAL PROVISIONS REGARDING SECURED CLAIMS PROVIDED FOR BY PART 4 OF THE PLAN:**

(1) As to the secured claims provided for in this Plan, confirmation of this plan shall constitute a finding that:
   (a) The amount of the allowed secured claims are sufficient to cure any default or arrears that existed as of the date of the petition; and
   (b) The debtor is curing the arrears, if any, within a reasonable period of time;

(2) **The Joint Stipulation Regarding Federal Homeownership Assistance Funds, relating to the treatment of P.O.C. # 9-1 and P.O.C. #15-1, and approved by Court Order dated May 17, 2023, is hereby incorporated in full by reference into the debtor's plan. See Attached Joint Stipulation & Order.**

**§ 9(b) ADDITIONAL PLAN PROVISIONS - <u>CONFIRMATION OF THIS PLAN WILL CONSTITUTE A FINDING AND ORDER THAT</u>:**

(1) <u>Refusal of Disbursements</u> - In the event that any creditor in any class refuses any disbursement from the standing trustee, the standing trustee shall be authorized to disburse those funds to other creditors in the same class, or if all such similarly classified creditors have already been paid, to other creditors in the next level of priority, without seeking a modification of the plan;

(2) <u>Plan in Good Faith</u> - The Plan constitutes the Debtor's best efforts under all the circumstances, and was proposed in good faith, and all of the Debtor's projected disposable income will be applied to payments under the Plan. Confirmation of this Plan shall also constitute a finding that the terms of the Plan, including extension of the life of the Plan beyond thirty-six (36) months, are essential to the success thereof.  Absent the proposed reorganization, the Debtor would likely have to relinquish possession of his or her residence at a foreclosure sale, likely resulting in the catastrophic loss of the home and the failure of the bankruptcy; and

(3) <u>Discharge of Debts</u> - Upon completion of the plan, all debts listed in the debtor's schedules, except those excepted by 11 U.S.C. § 1328(a) or as specifically provided for under this Plan, shall be discharged.

## Part 10: Signatures

-9-

By signing below, attorney for Debtor(s) or unrepresented Debtor(s) certifies that this Plan contains no nonstandard or additional provisions other than those in Part 9 of the Plan, and that the Debtor(s) are aware of, and consent to the terms of this Plan.

☐

Date: June 7, 2023

/s/Montgomery L. Wilson
Attorney for Debtor(s)
Community Legal Services, Inc.
1410 W. Erie Avenue
Philadelphia, PA 19140
Tel: (215) 227-2401
mwilson@clsphila.org

If Debtor(s) are unrepresented, they must sign below.

Date: _____          _____
                                      Debtor

Date: _____          _____
                                      Joint Debtor

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE CAROLYN D. WHITFIELD,  :  CHAPTER 13
:
Debtor  :  BR. NO. 16-10709-AMC
:
:

**JOINT STIPULATION REGARDING FEDERAL
HOMEOWNERSHIP ASSISTANCE FUNDS**

WHEREAS, on February 2, 2016, Carolyn D. Whitfield a/k/a Carolyn P. Whitfield (the "Debtor", "Whitfield") filed a Petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania; and

WHEREAS, on December 6, 2021, Wilmington Savings Fund Society ("WSFS") filed a proof of claim (P.O.C. # 9-1) in the debtor's case, secured by a mortgage lien on the debtor's property at 1627 W. Nedro Avenue, Philadelphia, PA 19141 (the "Property"); and

WHEREAS, Proof of Claim # 9-1 asserted a total allowed secured claim of $108,396.58 dollars and an allowed secured claim for arrears of $29,972.28 dollars; and

WHEREAS, the claim filed by WSFS (P.O.C. # 9-1) was subsequently transferred U.S. Bank Trust National Association, as Trustee of LB-Igloo Series IV Trust, with SN Servicing Corporation acting as servicer for U.S. Bank Trust; and

WHEREAS, on May 11, 2017, by agreement of the parties, SN Servicing filed a second Proof of Claim for post-petition arrears in the amount of $9,020.82 dollars (P.O.C. 15-1); and

WHEREAS, the claim filed by WSFS (P.O.C. # 15-1) was subsequently transferred U.S. Bank Trust National Association, as Trustee of LB-Igloo Series IV Trust, with SN Servicing Corporation acting as servicer for U.S. Bank Trust; and

WHEREAS, after litigation, by order of this court dated November 10, 2017, SN Servicing's first claim for arrears (P.O.C. #9-1) was allowed as a secured claim for arrears of

$21,846.15 dollars; and

WHEREAS, SN Servicing's second claim (P.O.C. #15-1) was allowed as a secured claim for post-petition arrears of $9,020.82 dollars; and

WHEREAS, the debtor's bankruptcy plan (7th amended plan - dated January 26, 2018) proposing to pay SN Servicing's two arrears claims in full was confirmed by the Court on January 30, 2018; and

WHEREAS, the debtor's current confirmed plan (Supplemental 10th amended plan dated August 31, 2022) provides that, at near end of the life of the debtor's plan, Whitfield will apply for a grant from the Pennsylvania Housing Finance Agency (PHFA) seeking federal Homeownership Assistance Funds ("PAHAF grant") in order to pay off in full the balances due on both of SN Servicing's two secured claims for pre-petition arrears (P.O.C. # 9-1) (P.O.C. # 15-1); and

WHEREAS, in order to bring Whitfield's mortgage account current, the PAHAF grant will also pay off all post-petition amounts owed on Whitfield's mortgage serviced by SN Servicing; and

WHEREAS, in July of 2022, Whitfield applied for a PAHAF grant from PHFA; and

WHEREAS, on March 16, 2023, Whitfield's application was approved by PHFA; and

WHEREAS, PHFA has advised the debtor – thru her counsel – that PAHAF grant funds can only be disbursed directly to the mortgage holder or its servicing agents and that PHFA cannot disburse grant funds directly to the Chapter 13 Standing Trustee; and

WHEREAS, on March 29, 2023, PHFA contacted SN Servicing and requested that the Servicer verify the debt and provide PHFA with a debt verification amount stating the total amount required to pay in full: i) the balance due on the debtor's two arrears claims filed by SN Servicing (P.O.C. #9-1 & P.O.C. # 15-1) and ii) the balance due on any post-petition amounts

owed by the debtor to SN Servicing; and

WHEREAS, PHFA has advised the debtor – thru her counsel – that PAHAF grant funds can only be disbursed directly to the mortgage holder or its servicing agents and that PHFA cannot disburse grant funds directly to the Chapter 13 Standing Trustee; and

WHEREAS, SN Servicing has provided the requested debt verification amount to PHFA; and

WHEREAS, PHFA has disbursed the amount requested by SN Servicing on May 9, 2023;

THEREFORE, in light of the above facts, the Debtor, Carolyn Whitfield, and SN Servicing Corporation, by their respective undersigned attorneys, hereby stipulate as follows:

1. PHFA requested that SN Servicing verify the amounts owed by Whitfield and provide PHFA with a debt verification amount stating the total amount required to pay in full: i) the balance due on the debtor's two arrears claims filed by SN Servicing (P.O.C. #9-1 & P.O.C. # 15-1) and ii) the balance due on any post-petition amounts owed by the debtor to SN Servicing; and

2. SN Servicing provided PHFA with a statement of the total amount required to pay in full: i) the balance due on the debtor's two arrears claims filed by SN Servicing (P.O.C. #9-1 & P.O.C. # 15-1) and ii) the balance due on any post-petition amounts owed by the debtor to SN Servicing [hereafter the "total verification amount"]and

3. The total verification amount provided by SN Servicing to PHFA was $**13,898.81**; and

4. On May 9, 2023, SN Servicing received $**13,898.81** from PHFA as the total verification amount; and

5. SN Servicing has applied the $**13,898.81** received from PHFA to Whitfield's

mortgage account;

6. In consideration for the payment received by PHFA, SN Servicing agrees that Whitfield's mortgage account is now current on all pre-petition and post-petition amounts owed, including any amounts owed or alleged as owed for principal, interest, escrow, taxes, insurance, late fees, attorneys' fees, costs or any and all other charges or amounts owed prior to June 1, 2023; and

7. In consideration for the payment received by PHFA, SN Servicing agrees that Whitfield's mortgage account is now current as of June 1, 2023 [the "Effective Date" of this Stipulation]; and

8. Within sixty (60) days after this Stipulation is approved by the Court, SN Servicing will update its account records to show that Whitfield's mortgage account is current as of June 1, 2023; and

9. Whitfield's next monthly mortgage payment of $661.90 dollars is due on July 6, 2023; and

10. In consideration for the payment received by PHFA, SN Servicing agrees that Whitfield owed no further amounts on the two secured claims for arrears filed by SN Servicing (P.O.C. #9-1 and P.O.C. # 15-1); and

11. Within thirty (30) days after this Stipulation is approved by the Court, SN Servicing will amend its' proof of claim (P.O.C. # 9-1) to state that the allowed secured claim for pre-petition arrears owed by the debtor is zero ($0.00) dollars; and

12. Within thirty (30) days after this Stipulation is approved by the Court, SN Servicing will amend its' proof of claim (P.O.C. # 15-1) to state that the total allowed secured claim for post-petition arrears owed by the debtor is zero ($0.00) dollars; and

13. If the instant bankruptcy is dismissed or converted to Chapter 7, this Stipulation

shall remain in effect and shall be binding upon the parties; and

14. The provisions of this Stipulation do not constitute a waiver by SN Servicing of its right to seek payment or reimbursement of any amount(s) incurred after the effective date of this Stipulation, including fees and costs, due under the terms of the mortgage, note or applicable law.

15. By signing below, counsels for the Debtor and the Creditor certify that they have authority to settle this matter and execute this Stipulation on behalf of each of their clients.

Date: 5/15/2023

/s/Lauren M. Moyer
Lauren M. Moyer, Esquire
Friedman Vartolo, LLP
*Counsel for Creditor*

Date: 5/15/2023

/s/Montgomery L. Wilson
Montgomery L. Wilson, Esquire
Community Legal Services, Inc.
*Counsel for Debtor*

Date: 5/15/5223

/s/Jack K. Miller
Jack K. Miller, Esquire
*Assistant Standing Chapter 13 Trustee*

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE CAROLYN D. WHITFIELD, | : | CHAPTER 13 |
| | : | |
| Debtor | : | BR. NO. 16-10709-AMC |
| | : | |
| | : | |

## ORDER APPROVING STIPULATION

AND NOW, this <u>17th</u> day of <u>May</u>, 2023, it is hereby ORDERED and DECREED that the Joint Stipulation regarding federal Homeownership Assistance Funds filed by the Debtor Carolyn Whitfield and the Creditor, SN Servicing Corporation as servicer for U.S. Bank Trust National Association, as Trustee of LB-Igloo Series IV Trust's ("SN Servicing Corp.") is hereby APPROVED

BY THE COURT:

_____
Hon. Ashely M. Chan, Bankruptcy Judge